873 F.2d 1450
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
SMITH CORONA CORPORATION, Plaintiff-Appellee,
v.
The UNITED STATES, Defendant,
Nakajima All Co., Ltd., Defendant-Appellant,
Brother Industries, Ltd., and Brother International Corp.,
Canon Inc., Canon U.S.A., Inc., Silver Seiko, Ltd., Silver
Reed America, Inc., Matsushita Electric Industrial Co.,
Ltd., Kyushu Matsushita Electric Industrial Co., Ltd. and
Panasonic Company and Panasonic Industrial Company,
Divisions of Matsushita Electric Corporation of America, Defendants.
SMITH CORONA CORPORATION, Plaintiff-Appellee,
v.
The UNITED STATES, Defendant,
Brother Industries, Ltd., and Brother International Corp.,
Defendants-Appellants,
Nakajima All Co., Ltd., Canon Inc., Canon U.S.A., Inc.,
Silver Seiko, Ltd., Silver Reed America, Inc., Matsushita
Electric Industrial Co., Ltd., Kyushu Matsushita Electric
Industrial Co., Ltd. and Panasonic Company and Panasonic
Industrial Company, Divisions of Matsushita Electric
Corporation of America, Defendants.
 Nos. 89-1140, 89-1141.
 United States Court of Appeals, Federal Circuit.
 Feb. 1, 1989.
 
 Before PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 Smith Corona Corporation (Smith Corona) moves to dismiss Nakajima All Co., Ltd.'s (Nakajima) appeal no. 89-1140 and Brother Industries, Ltd. et al.'s (Brother) appeal no. 89-1141. The United States agrees that the appeals should be dismissed. Nakajima responds that it filed a "protective" notice of appeal and argues that finality is unclear. Canon, Inc. and Canon U.S.A., Inc. and the Matsushita companies join in Nakajima's response. Brother opposes the motion to dismiss but also concedes that it filed a "protective" notice of appeal.
 
 
 2
 Although each party presents differing arguments why these appeals are or are not final, it appears that the Court of International Trade's September 20, 1988 order (order being appealed) did not adjudicate all of the claims in the case. Indeed, presently pending before the trial court are Smith Corona's request to abandon its remaining claims and its motion for final judgment.
 
 
 3
 Accordingly,
 
 IT IS ORDERED THAT:
 
 4
 Smith Corona's motions to dismiss are granted.